INEZ NELSON, Respondent, et al., Plaintiff, *v.* CAFE WIENECKE, INC., Appellant.

First Department, April 30, 1963.

*Lillian E. Cuff* of counsel (*George J. Conway,* attorney), for appellant.

*Richard E. Shandell* of counsel (*Desmond T. Barry* and *Edward A. Shandell* with him on the brief; *Barry, Treanor, Shandell & Brophy,* attorneys), for respondent.

*Per Curiam.* Plaintiff was a patron in defendant's café. While doing the samba on the dance floor, her partner swung

her around, she went off the edge of the dance floor, and in some manner that she is unable to describe more fully, her "heel went down and something gave way, and I tripped and I lost my balance." At the moment, plaintiff was moving backward and her heel went off the dance floor. She claims that the dance floor presented a dangerous condition in that the floor was some three quarters of an inch above the surrounding floor and the edge was not bevelled. Admittedly the surface of the dance floor was about the distance claimed above the surrounding floor, but defendant claims the edge was bevelled. The controversy is of no significance because there is no way in which the nature of the edge could have affected the accident.

We fail to see that the facts proved showed any negligence on the part of the defendant. The limits of the dance floor were clearly marked by a difference in color between its surface and that of the surrounding floor. Moreover, there were tables in very close proximity to the edge. There was no showing that the slight elevation of the floor itself was in any way unusual. There was no proof of prior accidents or any factor to show that this constituted a condition that the defendant in the exercise of reasonable prudence should have recognized as a source of danger. Plaintiff was wearing slippers with a three and a-half-inch heel. It is quite clear that the accident resulted from the performance of the maneuver in the dance at the place where it was attempted; and the resulting lack of control was, doubtless, contributed to by the nature of plaintiff's footwear. The situation parallels that of the risk taken by a participant in a sport, and is unactionable. While it is doubtful that the construction caused plaintiff's fall, even if it did the construction did not constitute a condition of foreseeable danger to one using the floor with due care.

The judgment should be reversed on the law and the facts, with costs and the complaint dismissed.

RABIN, J. P. (dissenting). I dissent and vote to affirm the judgment entered in plaintiff's favor. I cannot agree that the defendant was, as a matter of law, free of negligence. I believe that, in the circumstances of this case, a question of fact was presented as to defendant's negligence and that the verdict resolving such question in plaintiff's favor may not be disturbed.

The majority opinion indicates that there is doubt as to whether the plaintiff's fall was caused when her foot went off the raised dance floor. I am of the opinion that there is sufficient evidence in the record to permit a jury finding that the accident occurred in this manner. Thus, to sustain the verdict and hold

the defendant liable, the record need only permit of the further jury findings that the condition was a dangerous one, that the defendant should have foreseen that it could have caused the injury, and that the plaintiff was free from contributory negligence.

I agree that the three-quarter inch difference in height between the floors in and of itself may not be deemed to constitute a condition of danger, particularly where the different levels are of contrasting colors and the raised floor is surrounded by tables and chairs. However, such disparity in height could constitute a condition of danger in the light of the special use for which the floor was designed and used, i.e., as a dance floor.

There can be no question but that the defendant knew that its patrons would dance the " samba " as its band played music appropriate for such dance. The defendant is also charged with knowledge that such a dance involves rapid and spontaneous movements wherein the dancers go forward and backward with little or no opportunity to observe the floor. It is similarly chargeable with the knowledge that some of its female patrons would use the high-heeled shoes now in vogue. The defendant being chargeable with such knowledge, it was for the jury to find whether the defendant was or should have been aware that the elevated dance floor presented a condition of danger to the dancers.

True, any risk inherent in dancing the " samba " or any other dance is one assumed by the participants. However, such assumption does not include a risk of injury not inherent in the dance itself, such as one arising out of the manner in which the dance floor is constructed or maintained.

Whether, in the light of all the circumstances, the plaintiff was contributorily negligent in her manner of dancing was for the jury to decide. The jury, by its verdict, found that she was not.

McNally, Eager and Steuer, JJ., concur in Per Curiam opinion; Rabin, J. P., dissents in opinion in which Stevens, J., concurs.

Judgment reversed on the law and the facts, with costs to the appellant and the complaint dismissed.